**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AISHA BENNETT, Individually and for Others Similarly Situated,<br><br>v.<br><br>CARE ACCESS RESEARCH LLC. | Case No. 1:23-cv-10856-MJJ<br><br>Jury Trial Demanded<br><br>FLSA Collective Action<br>Rule 23 Class Action |

**ORDER APPROVING FLSA COLLECTIVE ACTION SETTLEMENT**

Upon review of the Parties' Joint Motion for Approval of FLSA Collective Action Settlement and accompanying exhibits, this Court is of the opinion the Motion should be granted and the settlement approved.

1. The Court finds that the FLSA Collective Action Settlement and Agreement ("Settlement") is fair, reasonable, and adequate and resolves a *bona fide* dispute between Plaintiffs (as that term is used in the Settlement Agreement) and Defendant. The Settlement is the result of arm's-length negotiations between experienced attorneys who are familiar with wage & hour class action and collective action litigation in general and with the legal and factual issues of this case.

2. The Court finds that the Settlement provides adequate relief to Plaintiffs.

3. Solely for the purposes of the Settlement, the Court approves Andrew W. Dunlap and Alyssa J. White of Josephson Dunlap LLP as Class Counsel on behalf of the Plaintiffs.

4. The Court appoints ILYM Group as the Settlement Administrator.

5. The Court approves the Notices attached to the Settlement Agreement as Exhibits B and C.

6. The Court approves the Notice and Payment procedure laid out in the Settlement and accompanying Agreement.

7. Within 45 days of this Order becoming final (as defined in the Settlement Agreement),

Notice and Settlement Checks will be sent to Plaintiffs.

8. The checks will remain valid for 120 days beginning on the date of issuance. Plaintiffs who timely endorse, cash, deposit, or otherwise claim a Settlement Payment will receive their payment in consideration for executing the release of claims.

9. The release of claims includes claims arising under federal and applicable state wage and hour actions (including the Pennsylvania Minimum Wage Act, the Pennsylvania Wage Payment and Collection Law, the Massachusetts Overtime Law, the Massachusetts Wage Act, the New York Labor Law, and the New York Codes, Rules, and Regulations, and any California wage laws, to include the Private Attorneys General Act ("PAGA") or IWC wage orders).

10. Individuals who participate in the Settlement by cashing a check will be waiving their individual PAGA claims and waive the right to receive PAGA penalties, if any, through any other action, agency determination, or other process.

11. Plaintiffs who do not negotiate, cash, or deposit a Settlement Award check will receive no payment and will release no claims.

12. The Parties are ordered to carry out the Settlement according to the terms of the Settlement Agreement.

13. IT IS FURTHER ORDERED that this case and all claims asserted in this case by the Plaintiffs are DISMISSED WITH PREJUDICE, with each Party to bear its own costs, except as set forth in the Settlement Agreement.

SO ORDERED this _____ day of _____, 2024.

_____

HONORABLE MYONG J. JOUN
United States District Court Judge

## **CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing document was served by ECF electronic filing on all known parties on this the 12th day of September, 2024.

                                                */s/ Alyssa J. White*
                                                **Alyssa J. White**